Judge Robertson
'delivered the opinion of the court.
Noland having obtained a judgment, in the Montgomery circuit court, against Wm. Meadows,, procured seven executions of fieri facias to issue successively, to the county of Estill, in which Meadows lived, to enforce the judgment. These were all delivered to the sheriff, who made the same return of “no property,” on each.
Executions, Nos. 8 and 9, were afterwards delivered to Arberry, who was the coroner of Estill. The last issued on the 26th day of May, 1827, and was returnable on the lGth day of July succeeding. On the 6th of July, 1827, a fieri facias, was delivered to the coroner, in favor of the Bank of the Commonwealth against Meadows. The execution in favor of Noland, was returned, “no property,” on the 16th of July, 1827, and another execution in his favor, on the same judgment, issued and was delivered to the coroner on the sarpe day.
Arberry levied on two horses, which he sold in August, 1827, and appropriated the proceeds of the^ sale, ($71,) to the bank execution. That in favor of Noland was again returned, “no property.” The advertisement of thq sale was dated July the 14th, 1827, and stated that the horses were to be sold to satisfy an execution in favor of the Bank of the Commonwealth, and one in favor of Noland. Shortly after this sale, Noland brought this • suit against Ar-berry. It is case for a false return of the execution, which issued on the 26th of May, and was returned on the 16th of July, 1827.
Parol evidence is competent to prove mistake in date of ad vertise-inpnt of salo. Although between execution creditors first levy gives priority of lion, yet, as officer, should have levied that first, which was first delivered to him, ho will he responsible in damages, to injured party.
Quae re./Whether renewal and redeiive-ry to officer, of pecedenl execution, on return day thereof, preserves its precedence?
After the foregoing facts were proved, on the general issue, Arberry offered to prove by a witness, that there was a mistake in the date of the advertisement-of sale; that it was not written nor put up on the 14th of July, 1827, but after the 16th.
The court rejected this witness, and the jury found 3 verdict for Noland, which the court refused to set •aside, on a motion for a new trial.
The rejected testimony would have been competent. If the levy on the horses had been before the 16th of July, 1827, Noland’s execution, then being-in the coroner’s hands, would have been entitled to. precedence over that of the bank, which came to his hands on the 6th of July. And, therefore, as it had been shown by the sale, that there was property which it was the duty of the coroner to .subject to the satisfaction, as far as it would go, of Noland’s execution, Noland-would have had an indisputable right to a, verdict against Arberry, for the amount for which the horses sold, as it was less than the amount of the execution. For although between execution creditors, the first levy gives priority of lien; (see Tabb vs. Harris, IV. Bibb, 30;) yet it is the duty of the officer to levy that first, which was first delivered to him; and by improperly failing to do so, he will render himself! liable for damages to the injured creditor. Consequently, if there was no mistake in the advertisement,, Arberry’s return on Noland’s execution, was false, and he was responsible to Noland for the injury which he had sustained.
But such a paper as a written advertisement of a coroner’s sale,is not like a record, conclusive and indisputable, especially as to date. If, as alleged by Arberry, there was a mistake in the date, a.nd that the true date was after the 16th of July, then there was no evidence that the return on the 16th was false.. It was permissible for Arberry to prove the alleged mistake. The proof should have been very strong and direct, to control the written evidence of date; hut whether it would have been satisfactory, was a fact for the consideration of the jury, and nota question of law for the court to decide.
*423 But it may be supposed that, ns another fieri facias issued in Noland’s favor, on the same day on which the one described in the declaration was returned, to-wit: on the 16th of July, Noland’s priority of lien was preserved by uninterrupted continuity, and that, therefore, the date of the advertisement was not material, because, if it were after the 16th of July, still Noland’s last execution retained its priority in law, over that of the hank, and therefore the avails of the sale should have been appropriated towards the extinguishment of the former instead of the latler. This we presume, was the opinion of the circuit court.
Here .a question would arise, which has never, so far as wc are informed, been decided positively by this court; and that is, whether a fieri facias, which shall be renewed and delivered to the officer on the day on which a former process, on the same judgment, was returned or made returnable, retain priority of lien, over one which shall have been delivered to him at some intermediate lime, and which was alive and in his hands when the first was returned? This question would be fairly presented in this case, if the declaration embraced the last execution; for the first execution operated until twelve o’clock at night, and was renewed on the same day, before twelve o’clock, P. M. There was, therefore, no chasm or blank between the two executions. Was the lien then suspended? Must it be postponed to that of the bank, which, before the return, was inferior to it? Or did the execution of the bank ever affix a lien as against that of Noland?
The case of Daniel vs. Cochran’s administrator, alludes to this question, and sheds some fight upon it, but does not definitively settle it. We shall not decide it now, whatever may be our opinion, because the record, when scrutinized, does not present it for-decision.
The declaration is for á false return alone, of the execution, which was returned on the 16th of July. And, therefore, as the “allegata et probatamust correspond, there could be no recovery by Noland, on bis declaration, as it is for a false return of the last *424 fekecUlion, which issued on the 16th of July. Where* fore, if it should be decided that it was the duty of the coroner to appropriate the amount of the sale to Noland’s last execution, in preference to that of the bank, which was antecedent to it in date arid delivéry, there could be ho judgment in Noland’s favor oh this declaration, because it does not charge any delinquency in the management of the fast execution.
Caperlon and Good loe, for plaintiff; Denny, for de fendant.
As the court erred in excluding Arberry’s evidence, the judgment must be reversed, the verdict set aside, and the cause remanded for a new trial; on which$ wheu the jury shall haVe h’eard all the evidence on both sides, they will decide whether Arbeiry acted legally and faithfully, or otherwise.